UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 07-10365-JLT

UNITED STATES OF AMERICA

v.

THEODORE AGUIRRE

**REPORT AND RECOMMENDATION RE:**
**MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE,**
**SET ASIDE, OR CORRECT SENTENCE (DOCKET ENTRY # 109);**
**REQUEST FOR EVIDENTIARY HEARING (DOCKET ENTRY # 120)**

**February 27, 2014**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to vacate, set aside or correct a sentence filed by defendant Theodore Aguirre ("defendant") pursuant to 28 U.S.C. § 2255 ("section 2255"). (Docket Entry # 109). On January 14, 2014, the United States of America ("the government") filed an opposition to the motion. (Docket Entry # 118). Also pending before this court is a motion for an evidentiary hearing and for appointment of counsel filed by defendant. (Docket Entry # 120).

PROCEDURAL BACKGROUND

The motion alleges one ground as a basis for vacating the sentence. Defendant claims that he should not have

been sentenced under 18 U.S.C. § 924(e)(2)(B) ("Armed
Career Criminal Act" or "ACCA").  Specifically, he submits
that his prior criminal history did not qualify him as an
Armed Career Criminal subject to a 15 year mandatory
minimum sentence in light of Descamps v. United States.
133 S.Ct. 2276 (2013).  Defendant also maintains that his
section 2255 challenge is not time barred because Descamps
was not decided until June 20, 2013, which is within the
one year limitation period for filing a section 2255
motion.  28 U.S.C. § 2255(f)(1).

 An evidentiary hearing is not required to resolve the
motion.  As discussed in greater detail below, even
accepting defendant's nonconclusory statements of facts as
true to the extent not contradicted by the record,
defendant is not entitled to relief.  See David v. United
States, 134 F.3d 470, 477 (1st Cir. 1998) (setting forth
evidentiary hearing standard in section 2255 proceeding);
United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)
("court need not give weight to conclusory allegations");
Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)
(hearing not necessary if section 2255 motion "is
'conclusively refuted as to the alleged facts by the files
and records of the case'").  Defendant fails in his burden
to establish the need for an evidentiary hearing.  See

2

United States v. McGill, 11 F.3d at 225 (recognizing that
petitioner bears burden of establishing need for
evidentiary hearing in section 2255 proceeding).  The
motion to vacate, together with the government's filings
(Docket Entry ## 109 & 118) are therefore ripe for review.

In addition to an evidentiary hearing, defendant seeks
appointment of counsel.  (Docket Entry #120).  There is no
constitutional right to appointment of counsel beyond the
direct appeal of a criminal conviction.  Swazo v. Wyoming
Department of Corrections State Penitentiary Warden, 23
F.3d 332, 333 (10th Cir. 1994); see Ellis v. U.S., 313 F.3d
636, 652 (1st Cir. 2002) (noting in section 2255 proceeding
that "convicted criminal has no constitutional right to
counsel with respect to habeas proceedings"); see also
Morin v. State of Rhode Island, 741 F.Supp. 32, 36 (D.R.I.
1990).  Rather, appointment of counsel in a collateral
attack on a criminal conviction is discretionary.[1]  Heath v.
United States Parole Commission, 788 F.2d 85, 88 (2nd Cir.
1986).  In particular, under 18 U.S.C. § 3006A(a)(2), a
court may appoint counsel for a "financially eligible
person seeking relief under section 2254 when the interests

---

[1]  Appointment of counsel, however, is mandatory where the
district court conducts an evidentiary hearing.  See Rule
8(c), 28 U.S.C. foll. § 2255.  As previously discussed, an
evidentiary hearing is not warranted.

of justice require." Battle v. Armontrout, 902 F.2d 701,

702 (8th Cir. 1990).

The rare cases warranting appointment of counsel in

the interests of justice typically involve nonfrivolous

claims with factually and/or legally complex issues and a

petitioner who is severely hampered in his ability to

investigate the facts. See United States v. Mala, 7 F.3d

1058, 1063-64 (1st Cir. 1993); Battle v. Armontrout, 902

F.2d at 702; see also Abdullah v. Norris, 18 F.3d 571; 573

(8th Cir. 1994). As explained below, the section 2255

motion does not involve a nonfrivolous claim and neither

the facts nor the law is complex. Defendant also fails to

make an adequate showing of financial eligibility.

BACKGROUND[2]

I.   FBI Investigation and Armed Career Criminal Status

As part of a larger FBI investigation into gang

related firearms violence in Chelsea and Revere,

Massachusetts, defendant and two other individuals were

videotaped on two occasions selling assault rifles to a

Federal Bureau of Investigation cooperating witness in

---

[2]  "A section 2255 petition must be dismissed whenever 'the
motion and the files and records of the case conclusively
show that the prisoner is entitled to no relief.'" United
States v. Williams, 2012 WL 2149823, at *2 (D.Mass. March
22, 2012). The underlying facts are taken from the trial
transcripts.

August and September 2007.  As a result, defendant was indicted on November 8, 2007, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("section 922").

At the time of the Indictment, defendant had a prior criminal history.  Past offenses included an adjudication for assault and battery with a dangerous weapon[3] and convictions for armed assault with intent to murder and assault with a dangerous weapon.  Defendant also had two prior assault convictions.

A defendant qualifies as an Armed Career Criminal ("ACC") if that individual has three previous convictions by any court for a "violent felony" committed on occasions different from one another.  18 U.S.C. § 924(e)(1).  The term "violent felony" includes any crime punishable by imprisonment exceeding one year or "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult."  18 U.S.C. § 924(e)(2)(C).  In addition, qualification as a "violent felony" under the applicable categorical approach requires that the crime:

---

[3] Defendant committed the assault and battery with a dangerous weapon at a time when he was a juvenile.

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. v. Mouscardy, 722 F.3d 68, 76 (1st Cir. 2013) (quoting 18 U.S.C. § 924(e)(2)(B) with internal brackets omitted).

Defendant's prior Massachusetts convictions for assault with a dangerous weapon and armed assault with intent to murder qualify as "violent" felonies under the ACCA since the terms of imprisonment exceed one year and they have the attempted use of physical force as an element of the crime. Armed assault with intent to murder carries a punishment of imprisonment of up to ten years. Mass. Gen. L. ch. 265, § 15. Similarly, assault with a dangerous weapon carries a punishment of imprisonment exceeding one year. Mass. Gen. L. ch. 265, § 15B(b). These prior convictions include a serious risk of physical injury that the ACCA is meant to incorporate as predicate offenses. United States v. Carrigan, 724 F.3d 39, 51 (1st Cir. 2013) (defendant's prior conviction for assault and battery with a deadly weapon categorically qualified as a violent felony under the ACCA). United States v. Sacko, 178 F.3d 1, 1-2 (1st Cir. 1999) (armed assault with intent to murder is a

"violent felony" because it involves serious risk of physical force under 18 U.S.C. § 924(e)(2)(B)(ii)).

Similarly, a prior juvenile adjudication for assault and battery with a dangerous weapon qualifies as a predicate conviction under the ACCA. A "conviction" under the ACCA "includes a finding that a person has committed an act of juvenile delinquency involving a violent felony" that would be punishable by imprisonment exceeding one year if committed by an adult. 18 U.S.C. § 924(e)(2)(C); United States v. Hart, 674 F.3d 33, 41 (1st Cir. 2012) (assault and battery with dangerous weapon is a "violent felony" under the ACCA); Commonwealth v. Smith, 829 N.E.2d 1090, 1091 (Mass. 2005) (term of imprisonment for assault and battery with dangerous weapon exceeds one year).

II.  Plea Agreement and Subsequent Proceedings

On February 8, 2010, the parties entered into a binding plea agreement. (Docket Entry # 69). In return for the government's agreement to dismiss the Indictment, defendant agreed to plead to two counts of unlawful possession of a stolen firearm in violation of section 922(j) charged in an Information and agreed to a sentence of 151 months incarceration. (Docket Entry # 69). As an ACC, defendant initially faced a mandatory minimum sentence of 180 months in prison. The plea agreement included a

"Waiver of Right to Appeal and to Bring Other Challenge"
provision.  The provision stated in relevant part,
"Defendant agrees that he will not seek to be re-sentenced
with the benefit of any change to the criminal history
category that existed at the time of Defendant's original
sentencing."  (Docket Entry # 69).  He also waived his
right to file a section 2255 motion.[4]  (Docket Entry # 69).

On May 3, 2010, the court accepted the plea agreement
and imposed a 151 month sentence.  The government
subsequently made a motion to dismiss the Indictment, which
the court allowed.  On May 19, 2010, the court issued an
amended judgment.  (Docket Entry # 82).

On August 30, 2013, defendant filed the section 2255
motion.  (Docket Entry # 109).  Defendant claims he did not
have the necessary predicates to be sentenced under the
Armed Career Criminal Act in light of Descamps v. United
States, 133 S.Ct. 2276 (2013).  (Docket Entry # 110).

DISCUSSION

---

[4] The relevant language reads as follows:

> Defendant also understands that he may, in some
> circumstances, be able to challenge his conviction in
> a future proceeding (such as, for example, in a
> collateral challenge pursuant to 28 U.S.C. § 2255 or
> 28 U.S.C. § 2241).  Defendant waives any right he has
> to challenge his conviction on direct appeal or in any
> future proceeding.

(Docket Entry # 69).

I.   Section 2255 Review

Section 2255 provides for post-conviction relief:  (1)
"that the sentence was imposed in violation of the
Constitution or laws of the United States"; (2) "that the
court was without jurisdiction to impose such sentence";
(3) "that the sentence was in excess of the maximum
authorized by law"; or (4) that the sentence "is otherwise
subject to collateral attack."  Damon v. United States, 731
F.3d 1, 4 (1st Cir. 2013); see David v. United States, 134
F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States,
368 U.S. 424, 426-27 (1962)).  The fourth category includes
only "assignments of error that reveal 'fundamental
defects' which, if uncorrected, will 'result in a complete
miscarriage of justice,' or irregularities that are
'inconsistent with the rudimentary demands of fair
procedure.'"  David v. United States, 134 F.3d at 474;
accord Damon, 732 F.3d at 3.  Stated otherwise, "apart from
claims of constitutional or jurisdictional nature, a
cognizable section 2255 claim must reveal 'exceptional
circumstances' that make the need for redress evident."
David, 134 F.3d at 474.

Defendant bears the burden of establishing the need
for section 2255 relief.  Id.  Specifically, a defendant
must establish that his sentence was imposed in violation

of the Constitution or the laws of the United States involving a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with rudimentary demands of fair procedure." Hill v. United States, 368 U.S. at 426-27.  To obtain relief under section 2255, petitioner "must clear a significantly higher hurdle that would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).

II.   Timeliness of Section 2255 Motion

Section 2255(f) imposes a one year limitation period for section 2255 motions.  Where, as here, a defendant does not file a direct appeal, the judgment becomes final when the time to file a notice of appeal expires.  See Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011).  The statutory subsection reads as follows:

> A 1-year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the Unites States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

> the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1)-(4).

With respect to subparagraph one, the court issued an amended judgment on May 19, 2010. (Docket Entry # 82). Defendant had 14 days from the date of the amended judgment to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A) (2010). As a result, under subparagraph one, defendant became ineligible to file a section 2255 motion on June 2, 2011, one year from the date that the judgment became final under section 2255(f)(1). The dates described in subparagraphs two[5] and four[6] do not apply. Under subparagraph three, however, defendant asserts that the recent Supreme Court ruling in Descamps v. United States, 133 S.Ct. 2276 (2013), constitutes a newly recognized right and the one year time period therefore begins to run at the time of the decision on June 20, 2013. (Docket Entry # 110).

---

[5] Defendant does not allege that he was prevented from filing the section 2255 motion due to governmental action. (Docket Entry # 110).

[6] Defendant does not allege that he was unable to file the section 2255 motion due to undiscovered facts. (Docket Entry # 110).

11

The Court in <u>Descamps</u> ruled that because the crime of burglary was defined more broadly by California's statute than "generic burglary," that crime could not serve as an Armed Career Criminal predicate. <u>Id.</u> at 2285. Pursuant to the Court's ruling in <u>Descamps</u>, defendant asserts that his juvenile adjudication and his two adult assault convictions no longer count as ACC predicates. The government first contends that defendant was not sentenced as an ACC by accepting the plea agreement. (Docket Entry # 118). Second, even if defendant was sentenced as an ACC, the government argues that both convictions defendant contests constitute "violent felonies" within the meaning of the ACCA.

The Massachusetts statutes that defendant argues no longer serve as ACCA predicates are wholly unlike the California statute in <u>Descamps</u>. First, the Massachusetts juvenile adjudication for assault and battery with a dangerous weapon does not broaden the statutory definition of the crime more so than generic assault and battery with a dangerous weapon. Mass. Gen. L. ch. 265, § 15A(b)(i). Generic assault and battery with a dangerous weapon constitutes a felony in Massachusetts that is punishable by two and a half years imprisonment. <u>Hart</u>, 674 F.3d at 41. Defendant's juvenile adjudication for assault and battery

with a dangerous weapon is punishable by a term of imprisonment exceeding one year and qualifies as an ACCA predicate.  Mass. Gen. L. ch. 265, § 15A(b)(i); United States v. Ellis, 619 F.3d 72, 73 (1st Cir. 2010) (defendant's prior juvenile adjudication for assault and battery with handgun qualified as an ACCA predicate conviction); Hart, 674 F.3d at 41 (adult assault and battery with a dangerous weapon qualified as an ACCA predicate offense); United States v. Matthews, WL 1912393, at *1 (D.Mass. June 29, 2009) (ACCA "defines violent felony to include any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device").[7]

In light of the above, defendant has three predicate offenses, i.e., the juvenile adjudication, the assault with a dangerous weapon conviction and the armed assault with intent to murder conviction.  Whether defendant's additional convictions for assault no longer qualify as ACCA predicate offenses under Descamps is therefore immaterial to defendant's status as an ACC.  Out of an abundance of caution, this court nevertheless examines the assault convictions in light of Descamps.

---

[7]  The presentence report depicts the "charge" as "Assault & Battery by Dang Weapon (Knife)."

Defendant maintains that his previous convictions for assault do not constitute "violent felonies" under the ACCA in light of Descamps.  Under both theories of common law assault, attempted battery or threatened battery, the crime involves the use, attempted use or threatened use of physical force against another person within the meaning of U.S.C. § 924(e)(2)(B).  The statutory crime of assault is similarly divided into these two categories.  Mass. Gen. L. ch. 265, § 13A.  Assault may be committed either by attempted or achieving a battery, "or by engaging in objectively menacing conduct so as to place another in reasonable apprehension of an immediately threatened battery."  Parreira v. Commonwealth, 971 N.E.2d. 242, 248 (Mass. 2012).  The crime of assault is punishable by imprisonment of two and a half years in Massachusetts.  Mass. Gen. L. ch. 265, § 13A.  Because assault involves either attempted or threatened use of physical force and carries the possibility of imprisonment exceeding one year, it qualifies as a "violent felony" within the meaning of the ACCA.  Thus, Descamps does not provide defendant a "newly recognized" right that triggers the running of the one year limitation period on June 20 2013, the date the Court decided Descamps.  Defendant's conviction therefore

become final on June 2, 2010, and the one year period ended
on June 2, 2011, under section 2255(f)(1).

The doctrine of equitable tolling does not apply.
Equitable tolling "provides that in exceptional
circumstances, a statute of limitations 'may be extended
for equitable reasons not acknowledged in the statute
creating the limitations period.'" Neverson v.
Farquharson, 366 F.3d 32, 40 (1st Cir. 2004) (quoting David
v. Hall, 318 F.3d 343, 345-46 (1st Cir. 2003)).  Equitable
tolling, however, is available only when "circumstances
beyond the litigant's control have prevented [him] from
promptly fiing." Cordle v. Guarino, 428 F.3d 46, 48 (1st
Cir. 2005).  Defendant bears the burden of establishing the
basis for equitable tolling. Ramos-Martinez v. United
States, 638 F.3d 315, 323 (1st 2011).  To carry this burden,
defendant must show, "(1) that he has been pursuing his
rights diligently, and (2) that some extraordinary
circumstance stood in his way and prevented timely filing."
Holland v. Florida 560 U.S. 631, 649 (2010).

This is not an appropriate case for such tolling.
Defendant has not been pursuing his rights diligently nor
was he prevented from filing the section 2255 motion
because of any extraordinary circumstance beyond his
control.  Upon entering a plea agreement and receiving an

amended judgment from the court on May 19, 2010, defendant filed no notice of appeal.  It took defendant three years from the time of the final judgment to file the instant collateral challenge.  Such a time lapse does not constitute "pursuing [defendant's] rights diligently." Id. As the court noted in Ramos-Martinez, "equitable tolling is not intended as a device to rescue those who inexcusably sleep upon their rights." Ramos-Martinez, 638 F.3d at 323-24.

III.  Waiver

In the alternative, the government correctly maintains that defendant explicitly waived the right to appeal or collaterally attack the sentence.  (Docket Entry # 118). The right to appeal or collaterally attack a sentence can be waived and a presentence waiver is enforceable.  United States v. Teeter, 257 F.3d 14, 23 (1st Cir. 2001).  Like any waiver of rights, such an agreement must be entered into knowingly and voluntarily.  United States v. Teeter, 257 F.3d at 24.  If the waiver is made knowingly and voluntarily, it is presumptively valid.  Id. at 25.  If waiver of appellate rights would work a miscarriage of justice, however, an appellate court may refuse to honor the waiver.  Id.; see United States v. Isum, 580 F.3d 43, 50 (1st Cir. 2009).

In the context of a plea bargain, the plea agreement and Fed.R.Crim.P. 11 ("Rule 11") colloquy are "critically important" in determining whether a waiver was knowing and voluntary.  Id. at 24.  The written plea agreement must contain "a clear statement" setting forth a waiver of appellate rights and its scope.  Id.  At a change of plea hearing, the court must inquire specifically "into any waiver of appellate rights."  Id.  Such an inquiry "offers considerable assurance" that a waiver was made knowingly and voluntarily.  Id.  A reviewing court must examine the transcript of the Rule 11 hearing to determine whether the court's interrogation of the defendant demonstrates that the waiver was made freely and intelligently.  Id.  Failure to question the defendant regarding the waiver may invalidate it if the defendant did not understand the significance of the waiver or was prejudiced.  Id. at 27.

The plea agreement between the parties demonstrates that defendant knowingly and voluntarily waived his right to appeal or collaterally attack the sentence.  As an ACC, defendant faced a mandatory minimum sentence of 180 months in prison.  The plea agreement, however, only imposed a 151 month sentence.  In the written plea agreement signed by defendant, defendant expressly waived the right to appeal or collaterally attack the conviction.  (Docket Entry #

69).  The agreement additionally specified that it was the only agreement between the parties.  (Docket Entry # 69). The language was clear and unambiguous both as to the waiver of defendant's right to file a future section 2255 motion challenging the conviction and the wavier of his ability to seek re-sentencing based on a change to his criminal history category.  As such, defendant explicitly waived the right to appeal or collaterally attack the conviction and the sentence once the court accepted the plea and issued a final amended judgment.

<u>CONCLUSION</u>

Based on the foregoing reasons, this court **RECOMMENDS**[8] that the section 2255 motion (Docket Entry # 265) be **DENIED**.  The motion for an evidentiary hearing and appointment of counsel (Docket Entry # 120) is **DENIED**.


<u>/s/ Marianne B. Bowler</u>
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[8] Any objection to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objection within 14 days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.